FILED'08 JUL 10 15:13USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THOMAS C. RAY,

        Plaintiff,

v.

STATE OF OREGON, et al.,

        Defendants.

CV. 07-220-PK

FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge:

      Plaintiff Thomas C. Ray, appearing pro se, alleges that the Defendants denied his right to enter an Alternative Incarceration Program due to his disabilities and provided substandard medical care while he was an inmate in the custody of the Oregon Department of Corrections. Among other claims, Ray asserts civil rights violations under 42 U.S.C. §§ 1981, 1983, 1985, 1986 and violations of the Americans with Disabilities Act (A.D.A.), 42 U.S.C. § 12132, and the Rehabilitation Act, 29 U.S.C. § 794. This court has jurisdiction pursuant to 28 U.S.C. § 1331.

Page 1 - FINDINGS AND RECOMMENDATION

Defendants moved to dismiss the action on the grounds that Ray failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e)(a). For the reasons set forth below, Defendants' Motion to Dismiss (#45, #46) should be granted.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that a prisoner exhaust "available" administrative remedies before bringing an action. See 42 U.S.C. § 1997e(a); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). "[I]ndividuals who, at the time they seek to file their civil actions, are detained as a result of being accused of, convicted of, or sentenced for criminal offenses are 'prisoners' within the definition of" the Act. *Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir. 2000). The Act requires exhaustion for all suits about prison life, "whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). As a result, a prisoner must exhaust administrative remedies before bringing a claim under 42 U.S.C. § 1983, the A.D.A. or the Rehabilitation Act. *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1061-62 (9th Cir. 2007).

Exhaustion is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007). Thus, defendants bear the burden of raising and proving the absence of exhaustion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Courts in the Ninth Circuit treat exhaustion as a matter of abatement in an unenumerated Rule 12(b) motion to dismiss. *Id.* at 1119. The court may look beyond the pleadings and decide disputed issues of fact to determine whether a prisoner has properly exhausted his administrative remedies. *Id.* at 1119-20. If the

Page 2 - FINDINGS AND RECOMMENDATION

court concludes that the prisoner has not exhausted the prison's administrative process, the court should dismiss the case without prejudice. *Id.* at 1120.

## STATEMENT OF FACTS

### A. Oregon Department of Corrections Grievance System

Inmates at Oregon Department of Corrections facilities are encouraged to communicate with "line staff" verbally or in writing to resolve a dispute before filing a grievance. Or. Admin. R. 291-109-0100(3). The Department instructs inmates to try to resolve issues through face-to-face discussion with staff, followed by a written communication. (#48, Att. 2.) If communication with line staff does not resolve an inmate's issue, the inmate may then file a grievance form within 30 days of the incident or conflict. Or. Admin. R. 291-109-0140(1), -0150(2). The grievance coordinator logs the grievance, sends a receipt to the inmate and forwards the grievance to the appropriate staff person for a response. Or. Admin. R. 291-109-0160(1). An inmate cannot submit more than three inmate grievances in one week. Or. Admin. R. 291-109-0180(1). An inmate also cannot grieve misconduct reports or discrimination complaints. Or. Admin R. 291-109-0140(3). The Department addresses discrimination complaints through a separate procedure. *Id.*

At the first appeal level, if an inmate is not satisfied with the initial response to his or her grievance, the inmate may file an appeal with the grievance coordinator within 14 days from the time the response was sent to the inmate. Or. Admin. R. 291-109-0170(1). The appeal must include the original grievance, attachments and the response. *Id.* The grievance coordinator forwards the appeal to the functional unit manager with authority to resolve the issue. *Id.* An

Page 3 - FINDINGS AND RECOMMENDATION

inmate cannot appeal a grievance that the grievance coordinator returned for procedural reasons. Or. Admin. R. 291-109-0160(5). The inmate may, however, resubmit the grievance after correcting the procedural error. *Id.*

At the second appeal level, an inmate may appeal the functional unit manager's decision by filing another appeal with the grievance coordinator within 14 days of the date that the first appeal response was sent to the inmate. Or. Admin. R. 291-109-0170(2). The appeal must include the original grievance, attachments, responses and documentation related to the first appeal. *Id.* The grievance coordinator forwards the appeal to the assistant director for review. *Id.* The assistant director's decision on the grievance appeal is final. *Id.*

An inmate must follow a different procedure for discrimination complaints. An inmate subjected to discrimination on the basis of race, color, national origin, sex, religion, age, marital status, or handicap may file a written complaint with the functional unit manager within 180 days of the alleged act of discrimination. Or. Admin. R. 291-006-0015(1), (2). The functional unit manager must notify the inmate of the right to file a complaint with appropriate federal departments, conduct a prompt investigation, advise the inmate of the findings within 90 days and inform the inmate of the right to further review. Or. Admin. R. 291-006-0015(2). The inmate is entitled to review of the findings by a person not under control or supervision of the functional unit to which the inmate is assigned. *Id.*

**B.     Plaintiff's Grievances**

Ray's complaint (#3, #4) alleges the Department denied his admission to the Alternative Incarceration Program because he is diabetic and showed deliberate indifference to his medical needs by failing to properly treat his diabetes, hepatitis C, arthritis, and high cholesterol and by

Page 4 - FINDINGS AND RECOMMENDATION

failing to provide him with dentures.[1] The memorandum accompanying his complaint (#4) includes several attachments documenting his correspondence with Department staff regarding placement in the Alternative Incarceration Program, but does not include any grievances. Moreover, the complaint admits that Ray did not file grievances. (#3.)

Ray did, however, file numerous grievances while in the custody of the Oregon Department of Corrections, including grievances and discrimination complaints involving the policy that he place his name on envelopes (#48, Att. 6), problems with the law library staff (#48, Att. 12, 13) and obtaining free eyeglass repairs (#47, Att. 6, Att. 13) and photo copies (#47, Att. 14; #48, Att. 10, Att. 11). These grievances, however, do not relate to the facts alleged in Ray's complaint and thus are not at issue here.

Ray's additional grievances at least tangentially addressed problems related to his medical issues. While at the Snake River Correctional Institute, Ray filed a grievance regarding an officer's order that he return to his unit rather than proceed directly to eat after receiving an insulin shot. (#48, Att. 5.) Four days later, Ray filed a grievance regarding the same issue. (#48, Att. 4.) The grievance coordinator rejected the first grievance, stating, "This is not grievable per Rule 109. . . .[Y]ou need to contact Health Services and explain your concern." *Id.* Ray appealed, but his appeal was rejected because an inmate cannot appeal a returned grievance.

---

[1] After filing his complaint, Ray filed five documents (#11, #18, #19, #20, #24), titled as addenda to the complaint, which named sixteen new defendants, asked the Court to serve those defendants, and asserted new factual allegations. This Court construed Ray's addenda as motions for leave to file an amended complaint and denied the motions because Ray did not comply with the Local Rule 15.1(c)(1)(2), which provides that parties seeking to file an amended pleading must reproduce the pleading in its entirety. (#35.) The Court also reminded Ray that if he wished to file an amended complaint in the future, he must serve the existing Defendants. *Id.* Ray did not, however, file an amended complaint.

Page 5 - FINDINGS AND RECOMMENDATION

(#48, Att. 8.) However, a nurse manager responded to the second grievance, stating that Ray was correct, she talked to security to address the situation and that Ray should tell a nurse manager right away if it happened again. *Id.* Ray did not appeal this response.

While at Powder River Correctional Institute, Ray filed several grievances related to medical issues but did not appeal the responses he received. He complained about the lack of sugar substitute at meals (#47, Att. 4) and that kitchen staff added sugar to his breakfast cereal and syrup to his pancakes (#47, Att. 5) but did not appeal the food service manager's response. Ray also filed grievances related to the qualifications of medical staff (#47, Att. 7) and that correctional officers were inappropriately dispensing medication and reviewing medical information (#20) but, again, did not appeal.[2] Ray filed a grievance related to a misconduct report prepared by Mr. Vilius, the health services manager, which was rejected because it constituted his fourth grievance in one week and because it was an unappealable issue. (#20.)

Ray unsuccessfully attempted to appeal other grievances related to his medical issues at Powder River. He complained that Vilius made derogatory comments to him (#47, Att. 6, p.1) and inappropriately exercised control over his medication (#47, Att. 6, p.2) and that the Department improperly denied him the wide shoes he required due to his diabetes (#47, Att. 6, p.4). Ray's appeals of these grievances were untimely and failed to attach the response he received, as required by the rules. (#47, Att. 8, p.1, Att. 9).

Ray followed his many grievances at Powder River with discrimination complaints,

---

[2] One of Ray's several addenda to his complaint, (#20) contains grievances that Defendants did not include in the affidavits accompanying their motion to dismiss. Although this Court denied the motion that contained these records (#35), the Court addresses them in the interest of a thorough review of the record.

alleging that Vilius lied about him in the misconduct report and denied him sugar substitutes because he is diabetic. (#47, Att. 11.) The grievance coordinator rejected the complaints, noting that Ray had already filed a grievance regarding the misconduct report and sugar substitutes. *Id.* The coordinator also informed Ray that the Central Office Administrators had approved sugar substitutes and they were currently available. *Id.* Finally, the coordinator stated that Ray's complaint did not meet discrimination criteria because "general medical conditions . . . such as diabetes" do not constitute a disability. *Id.* In response to Ray's written communication on the matter, the coordinator further explained that his complaint did not meet discrimination criteria because the Department had not used his diabetes as a basis to deny him participation in any opportunity the Department offers. (#47, Att.12.)

Ray filed additional discrimination complaints alleging that Vilius lied about Ray at a hearing, that Vilius lied in response to Ray's earlier grievances and that the grievance procedure itself was improper. (#47, Att. 16.) The grievance coordinator rejected the complaints because Ray had failed to initially address the issue with health services directly and did not allege discrimination on the basis of race, color, national origin, sex, religion age, marital status or handicap. *Id.*

## DISCUSSION

Under the Prison Litigation Reform Act, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Prisoners must navigate the prison's administrative-review process "regardless of the fit between a prisoner's prayer for relief and the administrative remedies possible," even where the

Page 7 - FINDINGS AND RECOMMENDATION

prisoner seeks relief not available in grievance proceedings. *Booth v. Churner*, 532 U.S. 731, 739-41 (2001). Thus, the obligation to exhaust available remedies persists "as long as *some* action can be ordered in response to the complaint." *Brown v. Valoff*, 422 F.3d 926, 934 (9th Cir. 2005). However, "a prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available." *Id.* at 935.

Here, despite substantial documentary evidence of Ray's grievances, the record contains no evidence that Ray ever filed a grievance related to the Alternative Incarceration Program, hepatitis C, arthritis, high cholesterol or dentures. Ray admits as much in his complaint. Thus, he failed to exhaust his administrative remedies on those claims. *See Wyatt*, 315 F. 3d at 1120. ("A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies.")

Although Ray did file grievances at least somewhat related to his diabetes, the record does not reflect that Ray pursued any of those grievances to the second level of the appeals process. While Ray could not appeal some of his grievances because they were returned to him for failure to follow proper procedure, that does not constitute an excuse for failing exhaust administrative remedies. *Woodford*, 548 U.S. at 90-91.

This Court also considered whether Ray had exhausted his remedies to the extent that he received all available remedies or was reliably informed that no remedies were available. *See Brown*, 422 F.3d at 937. In that regard, the record fails to explain why the Department initially rejected Ray's complaint at Snake River regarding an order to return to his unit after receiving an insulin shot. The Court however, finds that the initial rejection did not end available avenues for

Page 8 - FINDINGS AND RECOMMENDATION

relief, as the grievance coordinator accepted Ray's second complaint on the matter and staff responded to it appropriately. Ray did not avail himself of the opportunity to appeal that response and so did not exhaust his administrative remedies regarding that issue.

The rejection of Ray's discrimination complaints at Powder River also present the issue of whether he received all available remedies for those complaints. The record, however, demonstrates that Ray used the discrimination complaints to reargue issues he previously asserted in grievances but failed to properly appeal. Thus, Ray failed to follow proper procedure when he filed the discrimination complaints. As a result, he failed to exhaust his administrative remedies on those issues. *Woodford*, 548 U.S. at 90-91.

## CONCLUSION

This Court has reviewed all of the grievances of record and finds none of them sufficient to fulfill the Prison Litigation Reform Act's mandatory exhaustion requirement. Accordingly, Defendants' Motion to Dismiss (#45, #46) should be granted. Ray's complaint should be dismissed without prejudice for failure to exhaust administrative remedies. All other pending motions (#29, #31, #42, #43, #44, #53) should be denied as moot.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due July 25, 2008. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due within 10 days after being served with a copy of the

Page 9 - FINDINGS AND RECOMMENDATION

objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation(s) will be referred to a district court judge and go under advisement.

Dated this 10th day of July, 2008.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge